# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ASA JAVON BROWN, | Case No. 2:21-cv-01396-GMN-VCF |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | |

Petitioner Asa Javon Brown, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Motion for Appointment of Counsel (ECF No. 1-3). For the reasons discussed below, the Court directs service of the petition and grants Petitioner's motion.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

## Background

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Asa Brown*, Case No. C-16-319881.[2]

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On January 10, 2018, the state court entered a judgment of conviction for second degree murder with use of a deadly weapon and sentenced Petitioner to life with the possibility of parole after 10 years and a consecutive enhancement of 60 months to 151 months for the use of a deadly weapon. The Nevada Supreme Court affirmed the conviction. In December 2019, Petitioner filed a state petition for writ of habeas corpus. *Asa Brown v. State of Nevada*, Case No. A-19-807401-W. The state court denied post-conviction relief. Petitioner filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in April 2021, and a remittitur issued the following month.

On July 26, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 3, 4.) A receipt of payment of the filing fee was recorded on September 21, 2021 and another receipt of payment of the filing fee was recorded on October 26, 2021. (ECF Nos. 4, 5.)

**Discussion**

**I.    Motion for Appointment of Counsel**

Petitioner seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that a denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States,* 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court finds that the appointment of counsel is in the interests of justice. Brown's petition may raise relatively complex issues. Further, it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Brown's motion for appointment of counsel is granted.

## II.      Filing Fee

A receipt of payment of the filing fee was recorded on September 21, 2021, which appears to be from Brown's family member. (ECF No. 4.)  Another receipt of payment of the filing fee was recorded on October 26, 2021 and appears to be from Brown. (ECF Nos. 5.)  The Clerk of Court is instructed to refund the October 26, 2021 payment of the $5 filing fee to Brown.

**IT IS THEREFORE ORDERED:**

1. Petitioner Asa Javon Brown's Motion for Appointment of Counsel (ECF No. 1-3) is GRANTED.

2. The Clerk of the Court is instructed to refund the October 26, 2021 payment of the $5 filing fee to Brown.

3. The Clerk of the Court is directed to file the petition (ECF No. 1-1).

4. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

5. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings.  If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel.  The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.  The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

6. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and/or by

granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

7. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: November 29, 2021

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE