1

2

3 **UNITED STATES DISTRICT COURT**

4 **DISTRICT OF NEVADA**

5 ASA JAVON BROWN,                                    Case No. 2:21-cv-01396-GMN-VCF

6                                 Petitioner,

7       v.                                                          **ORDER**

8 CALVIN JOHNSON, et al.,

9                                 Respondents.

10        Respondents seek an extension of time to file their Reply in support of their Motion to

11 Dismiss. ECF No. 51.  After the deadline expires, the moving party must also show that "the

12 party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); LR IA 6-1.  " 'Good

13 cause' is a non-rigorous standard," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th

14 Cir. 2010), which primarily considers the diligence of the party seeking the extension. *In re W.*

15 *States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  Excusable neglect

16 "encompass[es] situations in which the failure to comply with a filing deadline is attributable to

17 negligence," and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co. v.*

18 *Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993).  To determine when neglect is excusable,

19 the court takes "account of all relevant circumstances surrounding the party's omission,"

20 *Pioneer*, 507 U.S. at 395, and

21
            conduct[s] the equitable analysis specified in *Pioneer* by examining "at least four
22         factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay
           and its potential impact on the proceedings; (3) the reason for the delay; and (4)
23         whether the movant acted in good faith."

24 *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal*

25 *Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); citing *Pioneer*, 507 U.S. at 395).

26        Petitioner filed his response to the motion to dismiss on October 30, 2023. ECF No. 46.

27 Respondents' reply was due on November 6, 2023, *, but they did not timely respond and the

28 deadline expired.  They must therefore establish both good cause and excusable neglect for an

1

extension.  Their motion states that their failure to file a reply was based on an inadvertent calendaring error.  They also aver that Petitioner's counsel does not object to the enlargement of time.

The Court is satisfied that Respondents' motion was filed in good faith.  The Court finds that the delay in this case, thus far, is minimal and will not have a significant impact on the proceedings.  On the other hand, the Court and the parties will benefit from receiving Respondents' reply to the pending dismissal motion.  Because the delay is minimal, there is no danger of prejudice to Petitioner.  Under these circumstances, I find that Respondents' neglect is excusable.

**IT IS THEREFORE ORDERED** that Respondents' first Motion for Extension of Time (ECF No. 51) is granted.  The deadline to file their reply is December 21, 2023.

DATED:  November 29, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE